Appeal of **ELMER E. SCOTT COMPANY.** Docket No. 530.

Commissioner's determination approved because of taxpayer's failure to adduce competent evidence in support of its contentions.

Submitted January 2, 1925; decided January 30, 1925.

*H. A. Mihills, C. P. A.*, for the taxpayer.
*A. C. Mackay, Esq.* (Nelson T. Hartson Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

### FINDINGS OF FACT.

The taxpayer is an Indiana corporation. On January 31, 1917, its board of directors adopted a resolution declaring a dividend and directing that the amount thereof be entered on the books to the credit of the stockholders. Accordingly, the two stockholders were credited on their personal accounts with the sums of $50,404 and $2,996, respectively. In auditing the income and profits-tax returns of the taxpayer for 1918 and 1919, the Commissioner reduced the claimed invested capital of the corporation by $53,500, and accordingly found deficiencies in tax for those years, from which this appeal was taken.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

IVINS: The contention of the taxpayer was that its surplus account should not have been reduced by the amount of the dividend declared in 1917 for the reason that such dividend was merely credited to the stockholders' personal accounts on the books of the company; that the moneys so credited to the stockholders were never actually withdrawn; that in 1922 the dividend entry was reversed as of January 31, 1917, by debiting the personal accounts of the stockholders and crediting surplus with the amount of the dividend. It is proposed to show that it was never intended that the dividend should be paid; that the corporation never had sufficient cash out of which to pay the dividend; that the corporation never had sufficient surplus to permit the payment of the dividend without ruining the business; and that the payment of the dividend would have been illegal. It offered to prove this by absolutely incompetent evidence such as alleged transcripts from the books of the corporation without the production of the books, of the custodian of the books, or of the person who made the transcript; by the conclusions of an accountant who had examined the books and had been told certain things by

officers of the taxpayer, and by the conclusions of a revenue agent which had not been accepted by the Commissioner. It was necessary for the Board to exclude this evidence as incompetent with the result that the taxpayer wholly failed to prove its contentions and the Board is in a position to find no facts except those stated in the findings above. Upon the record, the taxpayer has failed to show error on the part of the Commissioner and his determination must be approved.